UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO CERRITOS VILLALOBOS,<br><br>    Plaintiff,<br><br>vs.<br><br>PARADISE LAWNS, INC., aka<br>PARADISE LAWNS 2, LLC, and<br>THOMAS J. MONACO III, individually,<br><br>    Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>**Jury Trial Demanded**<br><br>Docket No.: |

Plaintiff PEDRO CERRITOS VILLALOBOS ("Villalobos" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Amended Collective Action Complaint against Defendants PARADISE LAWNS, INC., aka PARADISE LAWNS 2, LLC ("Paradise" or "Defendant") and THOMAS J. MONACO III, individually ("Monaco") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.    Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated–non-exempt landscapers – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt landscaping duties for the Defendants, a landscaping and snow removal company located in Parlin, Middlesex County, New Jersey.

7. At all times pertinent to this Complaint, the Defendant Paradise, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, the Defendant is a landscaping and snow removal company. Defendant routinely utilizes tools and materials that have travelled through interstate commerce to perform its landscaping and snow removal work. In addition, Defendant routinely utilizes the channels of interstate commerce when it pays for its tools and products with credit cards and when it receives credit card payments from its customers.

8. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using tools and products to perform their jobs, those tools and products having moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

9. Upon information and belief, at all times relevant to this Complaint, the Defendant Paradise's annual gross volume of sales made or business done was not less than $500,000.00.

10. Upon information and belief, Defendant Monaco is a New Jersey state resident and is the owner/operator/manager of Defendant Paradise, controlling its day to day operations as well as its employees, including Plaintiff.

11. Defendants are therefore within the jurisdiction and venue of this Court.

## PARTIES

12. Plaintiff Villalobos is an adult individual who is a resident of Perth Amboy, Middlesex County, New Jersey.

13. Plaintiff Villalobos was employed by Defendants full time as a landscaper performing labor duties.

14. Upon information and belief, the Defendant Paradise owns and/or operates a landscaping and snow removal company located in Parlin, Middlesex County, New Jersey.

15. Upon information and belief, Defendant Monaco is a New Jersey state resident.

## FACTS

16. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for overtime hours worked in a work week.

17. Plaintiff worked for Defendants from in or about August, 2015, through in or about July, 2017.

18. Plaintiff Villalobos was an hourly employee and his hourly rate of pay was $12.00 per hour during his years of employment with Defendants.

19. Plaintiff Villalobos routinely worked six (6) days per week.

20. Plaintiff Villalobos routinely worked sixteen (16) hours a day and thus routinely worked over forty (40) hours per week.

21. While Plaintiff Villalobos was paid straight time for all hours worked, he was not paid at one and one half times his regular rate of pay for those hours worked over forty (40) in a work week.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Monaco has been an owner, partner, officer and/or manager of the Defendant Paradise Lawns, Inc.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Monaco has had power over personnel decisions at the Defendant Paradise Lawns, Inc.

24. Defendant Monaco was present at the business on a daily basis, and managed the day-to-day operations, controlled the employees' pay practices and had the power to change same, the power to hire and fire employees, set their wages, and otherwise controlled the terms of their employment.

25. Defendant Monaco regularly assigned Plaintiff's work and checked Plaintiff's work to make sure that Plaintiff's work met the quality standards of Paradise.

26. Defendant Monaco, directed how Plaintiff performed his work on a daily basis.

27. Plaintiff Villalobos was not paid at a rate of one and one half times his regular rate of pay for his hours worked over forty (40) each week.

28. Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly for their overtime hours worked in excess of forty (40) worked each week.

29. Like Plaintiff, other similarly situated landscapers routinely worked in excess of forty (40) hours per work week and were not paid at one and one half times their regular rate of pay for those hours worked in excess of forty (40) in a work week.

30. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

31. Like Plaintiff, at all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

32. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

33. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

34. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

35. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

36. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after

5

October 30, 2014, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

37. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39. Plaintiff is entitled to be paid additional compensation for his overtime hours worked per work period yet not paid.

40. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

41. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time at one half times their regular rate of pay for their overtime hours worked in a work period.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

43. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

44.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 43 above.

44,     Defendants' aforementioned conduct is in violation of the NJWHL.

45.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

25.     Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff PEDRO CERRITOS VILLALOBOS and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants PARADISE LAWNS, INC., aka PARADISE LAWNS 2, LLC, and THOMAS J. MONACO, III, individually, for the payment of compensation for all overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: November 15, 2017

          Respectfully submitted,

          s/ Jodi J. Jaffe
          Jodi J. Jaffe, Esquire
          E-mail: JJaffe@JaffeGlenn.com
          New Jersey Bar No.: 022351993
          Andrew I. Glenn, Esquire
          E-mail: AGlenn@JaffeGlenn.com
          New Jersey Bar No.: 026491992
          **JAFFE GLENN LAW GROUP, P.A.**
          301 N. Harrison Street, Suite 9F, #306
          Princeton, New Jersey 08540
          Telephone: (201) 687-9977
          Facsimile: (201) 595-0308
          *Attorneys for Plaintiff*